IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**WILLIE F. JONES,**
    Petitioner,

v.                                    Case No. 4:05cv125/MMP/MD

**FLORIDA PAROLE COMMISSION,**
    Respondent.
_____

## REPORT AND RECOMMENDATION

Before the court is an amended petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. (Doc. 5). Respondent has filed an answer seeking dismissal of the petition as untimely, providing relevant portions of the state court record. (Doc. 9). In the alternative, respondent argues that the petition fails to raise any claim cognizable on federal habeas review. Petitioner has filed a response. (Doc. 10). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration, it is the opinion of the undersigned that the pleadings and attachments before the court show that the petition is untimely and should be dismissed.

## BACKGROUND AND PROCEDURAL HISTORY

On March 22, 1968 petitioner was convicted of rape in the Circuit Court of Broward County Florida, case number Criminal-115. (Doc. 9, Ex. A).[1] He was sentenced on March 29, 1968 to 99 years imprisonment. (*Id.*). His conviction was affirmed by the Florida Fourth District Court of Appeal on October 29, 1969. *Jones v. State*, 227 So.2d 326 (Fla. 4th Dist. Ct. App. 1969).

---

[1] Hereafter all references to exhibits will be to those provided at Doc. 9 unless otherwise noted.

On December 16, 1981 the Florida Parole Commission ("FPC") entered an order releasing petitioner to parole. (Ex. E). Prior to his release, however, petitioner was found guilty of sexual misconduct in prison with another inmate, and his parole order was rescinded. (Ex. F). Eventually, petitioner was released from prison to parole supervision on May 25, 1982. (Ex. G). On August 1, 1990 the FPC revoked petitioner's parole for violation of a condition of his release. (Ex. H).

Petitioner challenged the parole revocation in a state petition for writ of habeas corpus filed in the Circuit Court of Broward County, Florida on February 5, 1991.[2] (Ex. I). The petition was denied on February 14, 1991. (Ex. J).

Petitioner then filed a state petition for writ of habeas corpus in the Florida Fourth District Court of Appeal, again challenging the revocation of his parole.[3] *See* http://199.242.69.70/pls/ds/ds_docket. The petition was denied on August 28, 1991. (*Id.*; *see also* Ex. K).

On August 24, 1993 petitioner filed another state petition for writ of habeas corpus challenging the revocation of his parole, this time in the Circuit Court of Jackson County, Florida. (Ex. L).[4] The petition was denied on September 1, 1993. (Ex. M). On appeal, the Florida First District Court of Appeal ("First DCA") affirmed the denial order without written opinion on November 2, 1994. (Ex. N).

On November 16, 2001 petitioner filed a state petition for writ of habeas corpus in the Circuit Court of Madison County, Florida, again challenging his parole revocation.[5] (Ex. O). On February 21, 2003 the First DCA issued a writ of mandamus commanding the Circuit Court to rule on the petition. *Jones v. Florida Parole Comm'n,* 837 So.2d 1160 (Fla. 1st DCA 2003) (copy at Ex. P). On April 4, 2004 the Circuit Court issued an order dismissing the petition on the grounds that it was successive and an abuse of the writ. (Ex. S). Petitioner sought appellate review by filing a petition for writ of certiorari in the First DCA. On February 10, 2005, the First

---

[2] The petition was assigned case number 91-4559.

[3] The petition was assigned case number 91-958.

[4] The petition was assigned case number 93-825.

[5] The petition was assigned case number 01-482.

DCA denied relief without written opinion. *Jones v. Florida Parole Comm'n*, 894 So.2d 247 (Fla. 1st DCA 2005) (Table) (copy at Ex. V).

Petitioner filed the instant federal habeas petition on March 11, 2005. (Doc. 1). He filed his amended petition on May 25, 2005. (Doc. 5).[6]

## DISCUSSION

As a preliminary matter, it is noted that although the petition identifies the judgment of conviction under attack as the March 22, 1968 rape conviction, (doc. 5, p. 1), it is clear that petitioner is challenging his 1990 parole revocation as opposed to the underlying rape conviction.[7] It is further noted that although petitioner's current incarceration resulted from an administrative proceeding of the Florida Parole Commission and not a court, and that although petitioner originally filed his petition under § 2241, petitioner is considered "in custody pursuant to the judgment of a State court," and is therefore subject to 28 U.S.C. § 2254 and its attendant restrictions. *See Peoples v. Chatman*, 393 F.3d 1352 (11th Cir. 2004) (applying one-year period of limitation found in 28 U.S.C. § 2244(d) to federal habeas petition

---

[6]Petitioner filed his original petition under 28 U.S.C. § 2241. Because he was in custody pursuant to the judgment of a state court, the court ordered him to file an amended petition under 28 U.S.C. § 2254. (Doc. 4). *See Medberry v. Crosby*, 351 F.3d 1049, 1054 n.5, 1058-62 (11th Cir. 2003) (holding that there is but one habeas corpus remedy for those imprisoned pursuant to a state court judgment; and that for those so imprisoned, the habeas corpus remedy is authorized by § 2241, but also subject to § 2254 and all of its attendant restrictions), *cert. denied*, 541 U.S. 1032, 124 S.Ct. 2098, 158 L.Ed.2d 714 (2004).

[7]The claims presented in the petition relate only to the 1990 revocation of petitioner's parole. Specifically, petitioner asserts: that his parole was revoked for violation of a parole condition that was not alleged in the affidavit of violation (Ground 1 of amended petition); that there was no evidence to support a finding that he violated condition 8, or any other condition, of his parole (Ground 2 of amended petition); that the FPC did not abide by its own rules in revoking his parole (Ground 3 of amended petition); that he did not willfully and knowingly violate any of his parole conditions (Ground 4 of amended petition); that parole "cannot be revoked for a mere arrest" (Ground 5 of amended petition); that he was denied due process and equal protection when the lower courts failed to rule on the merits of his claims (Ground 6 of amended petition); that the Madison County Circuit Court violated the First DCA's mandate during petitioner's state habeas proceeding (Ground 7 of amended petition); that he did not receive a full and fair hearing on the merits of his habeas corpus petitions challenging the revocation of his parole (Ground 8 of amended petition) and that there was no basis for revocation of his parole (Ground 9 of amended petition). As relief, petitioner seeks "release from custody without parole supervision because petitioner had only 10 years parole supervision and was on parole 8 years before it was revoked without evidence and he would have completed the 10 years supervision." (Doc. 5, p. 6).

filed by state prisoner incarcerated upon revocation of his parole who sought to challenge his waiver of parole revocation hearing) (citing *Medberry v. Crosby*, 351 F.3d 1049 (11th Cir. 2003)); *see also Dill v. Holt*, 371 F.3d 1301 (11th Cir. 2004) (holding that state prisoner who challenged legality of revocation of his parole by filing a habeas petition pursuant to 28 U.S.C. § 2241 was "in custody pursuant to the judgment of a State court" within the meaning of the habeas statute applicable to prisoners in such custody, even though his current incarceration resulted from an administrative proceeding of a state parole board, an executive branch agency, instead of a court; thus, § 2254 and it attendant restrictions applied, including the exhaustion requirement); *Thomas v. Crosby*, 371 F.3d 782 (11th Cir. 2004) (reiterating the holding in *Medberry* and applying it to a petitioner in custody pursuant to a state court judgment who challenged a decision of the Florida Parole Commission), *cert. denied*, 543 U.S. 1063, 125 S.Ct. 888, 160 L.Ed.2d 793 (2005). The question is whether petitioner's challenge to the 1990 parole revocation is timely.

Petitioner filed his federal habeas petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA); thus, the AEDPA governs the present petition. *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Pursuant to 28 U.S.C. § 2244, a one-year period of limitation applies to the filing of a federal habeas corpus petition by a person in custody pursuant to a state court judgment. The limitation period runs from the latest of:

**(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;**

**(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;**

**(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or**

**(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.**

§ 2244(d)(1). In the context of subsection (A) above, a "fifth option" supplied uniformly by the Courts of Appeals gives prisoners whose convictions became final prior to the AEDPA a one-year grace period running from the statute's effective date. *Johnson v. United States*, 544 U.S. 295, ---, 125 S.Ct. 1571, 1576, 161 L.Ed.2d 542 (2005) (citing *Duncan v. Walker*, 533 U.S. 167, 183 n. 1, 121 S.Ct. 2120, 2130 n. 1, 150 L.Ed.2d 251 (2001) (Stevens, J., concurring in part and concurring in the judgment) (collecting cases)); *Wilcox v. Florida Dep't. of Corrections*, 158 F.3d 1209, 1211 (11th Cir. 1998). Thus, petitioners contesting events occurring prior to the enactment of the AEDPA have one year from the AEDPA's effective date, that is until April 24, 1997, to file a federal habeas corpus petition. *Wilcox, supra*; *Moore v. Campbell*, 344 F.3d 1313, 1319-20 (11th Cir. 2003) (holding that Fed.R.Civ.P. 6(a)[8] applies to the effective date of the AEDPA; thus, a petition filed on April 24, 1997 would be timely). According to the tolling provision of § 2244(d), the time during which a "properly filed" application for state postconviction or other collateral review is pending shall not be counted toward any period of limitation. 28 U.S.C. § 2244(d)(2).

Petitioner has not asserted that a government-created impediment to his filing existed, or that he bases his claim on a right newly recognized by the Supreme Court. Furthermore, it was at the time the FPC revoked petitioner's parole in 1990 that petitioner was or should have been aware of the factual predicate of his claims. Thus, it appears the statute of limitations must be measured from the remaining trigger, which is the date on which petitioner's parole revocation became final. *See* 28 U.S.C. § 2244(d)(1). Allowing petitioner the benefit of the "fifth opinion" referenced above, at the very latest petitioner's one year limitation period under section 2244(d)(1)(A) began on April 24, 1996, the effective date, and continued through April 24, 1997, unless there were pending during that time any properly filed state postconviction applications or motions for "other collateral review." *Wilcox v. Florida Department of Corrections, supra*. The record reveals that on April 24, 1996, petitioner had no applications for state collateral review pending, nor did he

---

[8]Rule 6(a) provides that the day of the act, event, or default from which the designated period of time begins to run shall not be included. FED.R.CIV.P. 6(a).

*Case No: 4:05cv125MMP/MD*

file any such applications during the year that followed. Accordingly, petitioner's time for filing a federal habeas corpus petition challenging his 1990 parole revocation expired on April 24, 1997. As the instant petition was not filed until March 11, 2005, the petition is untimely.[9] *See, e.g., Vargas v. Lanier*, 2005 WL 3334540 (S.D. Ga. Dec. 7, 2005), *Report and Recommendation adopted*, 2006 WL 47385 (S.D. Ga. Jan. 6, 2006) (holding that federal habeas petition filed by state prisoner challenging 1993 decision of parole board denying him parole was untimely because he failed to file petition within one year of AEDPA's enactment).

It is noted that "[s]ection 2244 . . . permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.'"  *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) (citing *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999)). In the instant case petitioner fails to allege facts to suggest that he ever attempted to file his federal habeas corpus petition within the limitations period, much less that he <u>diligently</u> pursued relief.

Lastly, petitioner asserts that this court should consider his petition because he is actually innocent.  Assuming, without deciding, that an "actual innocence" exception to the limitations period exists, the undersigned finds that petitioner has not stated a colorable claim of actual innocence.  To make a showing of actual innocence the petitioner must demonstrate that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327, 115 S.Ct. 85, 130 L.Ed.2d 808 (1995); *Sibley v. Culliver*, 377 F.3d at 1205.  "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup*, 513 U.S. at 327.  To accomplish this, a petitioner must "support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Id.* at 324.

---

[9] Indeed, petitioner does not dispute that his petition is untimely.

To support his claim of actual innocence, petitioner asserts, "there is no evidence (preponderance or otherwise) that the Petitioner violated any of his parole conditions which the Petitioner has demonstrated through his litigation." (Doc. 10, p. 3).  Petitioner goes on to argue that he was merely arrested, not charged, with a crime, and that under Florida law parole may not be revoked for a mere arrest.  (*Id.*, p. 4).  He further argues that the FPC did not, and cannot, prove by a preponderance of the evidence that he violated a condition of his parole, additionally arguing why the evidence at his parole revocation was insufficient to revoke his parole.  (*Id.*, pp. 5-7, 11).  These assertions of insufficient evidence do not show that petitioner is factually innocent.  Moreover, petitioner has not offered any new evidence to sustain an assertion of actual innocence.  *See, e.g., Helton v. Secretary for Dep't. of Corrections*, 259 F.3d 1310, 1315 n.2 (11th Cir. 2001) ("We need not decide . . . [whether there is an 'actual innocence' exception to AEDPA's one year statute of limitations], because the 'circumstantial' nature of the case against Helton is not sufficient to support a claim of actual innocence.") (citation omitted), *cert. denied*, 535 U.S. 1080, 122 S.Ct. 1965, 152 L.Ed.2d 1025 (2002); *Tinker v. Moore*, 255 F.3d 1331, 1334 n.3 (11th Cir. 2001)(rejecting petitioner's argument that the district court erred in not holding evidentiary hearing on his actual innocence claim or to determine whether equitable tolling should apply, where petitioner argued a claim of insufficiency of the evidence, not factual innocence), *cert. denied* 534 U.S. 1144, 122 S.Ct. 1101, 151 L.Ed.2d 997 (2002); *Molo v. Johnson*, 207 F.3d 773, 775 (5th Cir. 2000) (rejecting argument that limitations period should be tolled because of actual innocence where petitioner argued there was insufficient evidence to convict him, not that he was factually innocent); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir.)(noting that petitioner's actual innocence claim did not justify tolling limitations period, where petitioner made no showing of actual innocence), *cert. denied*, 531 U.S. 1035, 121 S.Ct. 622, 148 L.Ed.2d 532 (2000).

## CONCLUSION

The instant petition for writ of habeas corpus is untimely.  The record does not support application of the equitable tolling doctrine or any other exception to the limitations period.  Based on the foregoing, the petition should be dismissed.

Accordingly, it is respectfully RECOMMENDED:

That the amended petition for writ of habeas corpus (doc. 5) challenging the Florida Parole Commission's August 1, 1990 revocation of petitioner's parole be DISMISSED with prejudice and the clerk be directed to close the file.

At Pensacola, Florida this 8th day of March, 2006.

/s/ *Miles Davis*
**MILES DAVIS
UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  A copy of any objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**