IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

WILLIE F. JONES,

    Petitioner,

v.                                            CASE NO. 4:05-cv-00125-MP-MD

CHARLIE CRIST, JR.,
FLORIDA PAROLE COMMISSION,

    Respondents.

_____/

## O R D E R

This matter is before the Court on Doc. 25, Report and Recommendations of the Magistrate Judge, recommending that Doc. 5, Amended Petition for Writ of Habeas Corpus filed by Willie F. Jones be dismissed with prejudice as untimely. The Magistrate Judge filed the Report and Recommendation on Wednesday, March 8, 2006. The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections. Petitioner has filed objections to the Magistrate's report, Doc. 26. Pursuant to Title 28, United States Code, Section 636(b)(1), this Court must make a *de novo* review of those portions to which an objection has been made.

In his objections, the petitioner claims that his habeas petition was timely filed in accordance with the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The court disagrees with this contention. The Courts of Appeals have uniformly given prisoners whose convictions became final prior to the AEDPA a one-year grace period running from the statute's effective date in which to file a federal habeas petition. Even with this added grace period, petitioner's current habeas petition is untimely. As correctly stated by the Magistrate, "at

the very latest petitioner's one year limitation period under section 2244(d)(1)(A) began on April 24, 1996, the effective date, and continued through April 24, 1997, unless there were pending during that time any properly filed state postconviction applications or motions for 'other collateral review.'" Doc. 25 at 5 (citation omitted).  Since petitioner did not have any applications for state collateral review pending during this time, petitioner was required to file any federal habeas petitions by April 24, 1997.  Clearly, this petition was brought significantly after such time period had expired.

Additionally, the court agrees with the Magistrate Judge that equitable tolling is inapplicable in this case.  Finally, petitioner's assertions that there was insufficient evidence to revoke his parole do not show that petitioner is actually innocent.  Therefore, petitioner's contention that the court should consider his claim on the grounds that he is actually innocent is likewise denied.  Thus, having considered the Report and Recommendation, I have determined that the Report and Recommendation should be adopted.  Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Magistrate Judge's Report and Recommendation is adopted and incorporated by reference in this order.

2. Petitioner's Amended Petition for Writ of Habeas Corpus, Doc. 5, is dismissed with prejudice as untimely.  The clerk is directed to close the file.

**DONE AND ORDERED** this   *27th* day of April, 2006

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge